# United States Court of Appeals for the Fifth Circuit

No. 22-10149
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kyrin Peters,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-77-1

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Kyrin Peters appeals the 41-month sentence imposed following his guilty plea conviction for unlawful receipt of a firearm while under indictment. Peters argues that the district court erred in applying a two-level reckless endangerment enhancement pursuant to U.S.S.G. § 3C1.2 because

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10149

his reckless conduct was not the result of attempting to flee from the consequences of the offense of conviction. The Government's unopposed motion to correct its brief is GRANTED.

Peters preserved his challenge to the reckless endangerment enhancement in the district court; accordingly, we review the district court's interpretation of the Guidelines de novo and its factual findings for clear error. *United States v. Deckert*, 993 F.3d 399, 401 (5th Cir. 2021). There is no clear error when the district court's findings are plausible in light of the entire record. *See United States v. Torres-Magana*, 938 F.3d 213, 216 (5th Cir. 2019).

Citing *United States v. Southerland*, 405 F.3d 263, 268 (5th Cir. 2005), Peters argues that the § 3C1.2 enhancement was not applicable because the evidence reveals that he fled from law enforcement officials because he knew he had warrants and also possessed marijuana, not because of the offense of conviction. He further asserts that there was an unknown temporal nexus between the flight and the receipt of the firearm and that he likely would have thought he would have been charged with unlawful carrying of a weapon, not receipt.

The district court is permitted to choose between "two permissible views of the evidence." *Torres-Magana*, 938 F.3d at 216 (internal quotation marks and citation omitted). The evidence reveals that it is just as likely that Peters fled to avoid detection of the firearm he had in the car as to avoid being arrested for warrants or possession of a small amount of marijuana, particularly in light of the fact that he admitted to receiving the firearm on or about the same day of the chase and that he knew he was under indictment. The district court's conclusion that the § 3C1.2 enhancement was applicable given the facts of this case was not clear error. *See id*. Accordingly, the judgment of the district court is AFFIRMED.